IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWNA JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2373-KHV |
| DIGITAL CONNECT, INC., DIGITAL CONNECT, ) | |
| and DIGITAL CONNECT, INC. – KANSAS CITY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Shawna Johnston filed suit alleging sexual harassment, sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., against her former employer, Digital Connect, Inc., and two related entities, Digital Connect and Digital Connect, Inc. – Kansas City. Digital Connect, Inc. asserts a counterclaim against plaintiff for violation of a non-compete agreement. This matter is before the Court on plaintiff's Motion To Dismiss [Defendant's Counterclaim] For Lack Of Subject Matter Jurisdiction (Doc. #30) filed February 13, 2006. For reasons stated below, the Court overrules plaintiff's motion.

Plaintiff contends that the Court must dismiss defendant's counterclaim because it is permissive, not compulsory. A permissive counterclaim must be supported by an independent basis for jurisdiction. N. L. R. B. ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc., Glow Lite Div., 606 F.2d 929, 932 (10th Cir. 1979); Pipeliners Local Union No. 798 v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974). In contrast, a compulsory counterclaim falls within the ancillary jurisdiction of the Court. See N.L.R.B. v. Dutch Boy, 606 F.2d at 932; Pipeliners Local Union No. 798, 503 F.2d at 1198. A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject

matter of the opposing party's claim." Fed. R. Civ. P. 13(a).

To determine whether defendant's counterclaim "arises out of the same transaction or occurrence" as plaintiff's claim, the Court evaluates the following factors: (1) Are the issues of fact and law raised by the claim and counterclaim largely the same?  (2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?  (3) Will substantially the same evidence support or refute plaintiff's claims as well as defendant's counterclaim? and (4) Is there a logical relation between the claim and the counterclaim?  Fox v. Maulding, 112 F.3d 453, 457 (10th Cir. 1997) (citing Pipeliners Local Union No. 798, 503 F.2d at 1198).  Based upon a review of these factors, the Court concludes that defendant's counterclaim is compulsory.

Because of the general nature of the complaint and counterclaim, the Court cannot determine with certainty whether res judicata would bar a subsequent suit. The remaining factors, however, strongly favor a finding that defendant's counterclaim is compulsory.  Defendant's counterclaim involves enforcement of a non-compete agreement during the 12 months after defendant terminated plaintiff's employment. Likewise, plaintiff's complaint involves "defendants' interference with plaintiff's employment opportunities *after* her termination." Plaintiff's First Amended Complaint (Doc. #10) ¶54 (emphasis added).  Both claims concern plaintiff's subsequent employment efforts and her ability to contact former clients. The two claims have a "logical relation" which the Tenth Circuit has noted is the most controlling factor. Pipeliners Local Union No. 798, 503 F.2d at 1199 (citing Moore v. New York Cotton Exch., 270 U.S. 593 (1926)). The Court therefore overrules plaintiff's motion to dismiss.[1]

---

[1] In their briefs, the parties do not address plaintiff's allegations pertaining to events after
(continued...)

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Dismiss [Defendant's Counterclaim] For Lack Of Subject Matter Jurisdiction (Doc. #30) filed February 13, 2006 be and hereby is **OVERRULED**.

Dated this 23rd day of May, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[1](...continued)
defendant terminated her employment. Plaintiff argues that the complaint is based solely on events which occurred during her employment, but she ignores the fact that her complaint is based in part on "defendants' interference with plaintiff's employment opportunities *after* her termination." Plaintiff's First Amended Complaint (Doc. #10) ¶ 54 (emphasis added). In addition, her damage claims implicate events which occurred after her termination.