## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWNA JOHNSTON, )<br>)<br>              **Plaintiff,**  )<br>)<br>v.  )<br>)<br>**DIGITAL CONNECT, INC., DIGITAL CONNECT,**  )<br>**and DIGITAL CONNECT, INC. – KANSAS CITY,**  )<br>)<br>              **Defendants.**  )<br>)<br>_____) | **CIVIL ACTION**<br><br>**No. 05-2373-KHV** |

## MEMORANDUM AND ORDER

Shawna Johnston filed suit alleging sexual harassment, sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., against her former employer, Digital Connect, Inc., and two related entities, Digital Connect and Digital Connect, Inc. – Kansas City. Digital Connect, Inc. asserts a counterclaim against plaintiff for violation of a non-compete agreement. This matter is before the Court on plaintiff's Motion To Reconsider Order Declining Adoption Of Magistrate's Report And Suggestions Of Support Thereof (Doc. #66) filed September 29, 2006. For reasons stated below, the Court sustains plaintiff's motion in part.

On August 8, 2006, Magistrate Judge James P. O'Hara recommended that the Court sustain Plaintiff/Counterclaim Defendant's Motion To Enforce Settlement Agreement And Suggestions in Support Thereof (Doc. #50). See Report And Recommendation (Doc. #61). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., the parties had ten days, or until August 22, 2006, to file a written objection. The parties did not do so. On September 27, 2006, the Court declined to adopt the Magistrate's report because it did not address the provision of the agreement which reads "Consent

judgment w( agreement not to enforce (Jackson County): fees & costs plus interest if enforcement req'd." Under the agreement, the parties apparently did not agree to file a consent judgment in this Court. Furthermore, the Court did not agree to retain jurisdiction for the purpose of enforcing the settlement agreement.

Plaintiff asks the Court to reconsider its ruling and to adopt the Magistrate's report. Plaintiff maintains that the parties agreed that (1) defendants would pay plaintiff as set forth in the agreement and there would be a mutual release of claims and (2) defendants would consent to jurisdiction in Jackson County, Missouri, by agreeing to sign a consent judgment which plaintiff would agree would only be executed if defendants defaulted under the agreement.[1] Plaintiff argues that because defendant has refused to pay under the agreement and refused to enter into a consent judgment, entry of a judgment in Jackson County, Missouri is impossible and the Court should disregard that part of the agreement. Plaintiff has not explained why the parties' agreement to file a consent judgment in Jackson County, Missouri is impossible.

Based on the present showing, the Court sustains plaintiff's motion in part. On or before **October 27, 2006**, plaintiff shall prepare and present to defendants a consent judgment consistent with the parties' settlement agreement. On or before **November 7, 2006**, defendants shall execute and return to plaintiff the consent judgment to be filed in state court in Jackson County, Missouri. Pursuant to the parties' agreement, as of November 14, 2006, this order shall constitute a final judgment of dismissal with prejudice of all claims in this action.

---

[1] Pursuant to D. Kan. Rule 6.1(d)(1), defendants had until October 13, 2006 to file a response to plaintiff's motion to reconsider. To date, defendants have not responded to plaintiff's motion. Accordingly, the Court assumes that the parties agreed to the terms as represented by plaintiff.

**IT IS THEREFORE ORDERED** that <u>Plaintiff/Counterclaim Defendant's Motion To Enforce Settlement Agreement And Suggestions In Support Thereof</u> (Doc. #50) filed June 1, 2006 and plaintiff's <u>Motion To Reconsider Order Declining Adoption Of Magistrate's Report And Suggestions Of Support Thereof</u> (Doc. #66) filed September 29, 2006 be and hereby are **SUSTAINED in part**.  The Court adopts in part the <u>Report And Recommendation</u> (Doc. #61) filed August 8, 2006.

**IT IS FURTHER ORDERED** that on or before **October 27, 2006**, plaintiff shall prepare and serve on defendants a consent judgment consistent with the parties' settlement agreement.

**IT IS FURTHER ORDERED** that on or before **November 7, 2006**, defendants shall execute and return to plaintiff the consent judgment to be filed in state court in Jackson County, Missouri.

**IT IS FURTHER ORDERED** that effective November 14, 2006, this order shall constitute a final judgment of dismissal with prejudice of all claims in this action, with each party to bear her or its own costs.

Dated this 20th day of October, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Court
