IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWNA JOHNSTON, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>DIGITAL CONNECT, INC., DIGITAL CONNECT, )<br>and DIGITAL CONNECT, INC. – KANSAS CITY, )<br>)<br>Defendants. )<br>)<br>_____) | CIVIL ACTION<br><br>No. 05-2373-KHV |

## ORDER

Shawna Johnston filed suit alleging sexual harassment, sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., against her former employer, Digital Connect, Inc., and two related entities, Digital Connect and Digital Connect, Inc. – Kansas City. Digital Connect, Inc. asserts a counterclaim against plaintiff for violation of a non-compete agreement. This matter is before the Court on Plaintiff/Counterclaim Defendant's Renewed Motion To Enforce Settlement Agreement (Doc. #70) filed November 10, 2006. For reasons stated below, the Court overrules plaintiff's motion, but orders defendants to show cause why the Court should not hold them in contempt.

On August 8, 2006, Magistrate Judge James P. O'Hara recommended that the Court sustain Plaintiff/Counterclaim Defendant's Motion To Enforce Settlement Agreement And Suggestions in Support Thereof (Doc. #50). See Report And Recommendation (Doc. #61). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., the parties had ten days, or until August 22, 2006, to file a written objection. The parties did not do so. On September 27, 2006, the Court declined to adopt the Magistrate's report because it did not address the provision of the agreement which reads

"Consent judgment w/ agreement not to enforce (Jackson County): fees & costs plus interest if enforcement req'd." Under the agreement, the parties apparently agreed to file a consent judgment in Jackson County, Missouri – not in this Court. Furthermore, this Court did not agree to retain jurisdiction for the purpose of enforcing the settlement agreement.

On plaintiff's motion to reconsider, the Court ordered plaintiff to prepare and present to defendants a consent judgment consistent with the parties' settlement agreement. The Court also ordered defendants to execute and return to plaintiff the consent judgment to be filed in state court in Jackson County, Missouri. Defendants have failed to execute and return the consent judgment. Accordingly, plaintiff asks the Court to enforce the settlement agreement and enter judgment in the amount of $37,500 plus attorneys fees to date in the amount of $500. Because the parties' settlement agreement does not contemplate a judgment in this amount to be filed in this Court, the Court overrules plaintiff's motion to enforce. At the same time, defendant appears to be in contempt of Court for failure to execute and return to plaintiff the proposed consent judgment. The Court therefore orders that on or before **January 3, 2007**, defendants show cause in writing why they should not be held in contempt and as a sanction, judgment entered against them in the amount of $37,500 plus attorneys fees.

**IT IS THEREFORE ORDERED** that <u>Plaintiff/Counterclaim Defendant's Renewed Motion To Enforce Settlement Agreement</u> (Doc. #70) filed November 10, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that **on or before January 3, 2007, defendants show cause in writing why they should not be held in contempt and as a sanction, judgment entered against them in the amount of $37,500 plus attorneys fees.**

Dated this 20th day of December, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court
