## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHAWNA JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 05-2373-KHV |
| DIGITAL CONNECT, INC., DIGITAL CONNECT, | ) | |
| and DIGITAL CONNECT, INC. – KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Shawna Johnston filed suit alleging sexual harassment, sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., against her former employer, Digital Connect, Inc., and two related entities, Digital Connect and Digital Connect, Inc. – Kansas City.  Digital Connect, Inc. asserts a counterclaim against plaintiff for violation of a non-compete agreement.  On December 20, 2006, the Court ordered defendants to show cause in writing by January 3, 2007, why they should not be held in contempt and as a sanction, judgment entered against them in the amount of $37,500 plus attorneys fees.  See Order (Doc. #72).  To date, defendants have not filed a response.

### Standards For Contempt Of Court

Civil contempt may be used to compensate for injuries from noncompliance with a court order. Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1318 (10th Cir. 1998) (citing O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992)).  Civil contempt must be proved by clear and convincing evidence.  Heinold Hog Mkt., Inc. v. McCoy, 700 F.2d 611, 614-15 (10th Cir. 1983) (citations omitted).

## Analysis

On August 8, 2006, Magistrate Judge James P. O'Hara recommended that the Court sustain Plaintiff/Counterclaim Defendant's Motion To Enforce Settlement Agreement And Suggestions In Support Thereof (Doc. #50). See Report And Recommendation (Doc. #61). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., the parties had ten days, or until August 22, 2006, to file a written objection. The parties did not do so. On September 27, 2006, the Court declined to adopt the Magistrate's report because it did not address the provision of the agreement which reads "Consent judgment w/ agreement not to enforce (Jackson County): fees & costs plus interest if enforcement req'd." Under the agreement, the parties apparently agreed to file a consent judgment in Jackson County, Missouri – not in this Court. Furthermore, this Court did not agree to retain jurisdiction for the purpose of enforcing the settlement agreement.

On plaintiff's motion to reconsider, the Court ordered plaintiff to prepare and present to defendants a consent judgment consistent with the parties' settlement agreement. The Court also ordered defendants to execute and return to plaintiff the consent judgment to be filed in state court in Jackson County, Missouri. Defendants failed to execute and return the consent judgment. Because defendants have offered no explanation for their failure to comply with the Court's order to execute and return the consent judgment, the Court finds by clear and convincing evidence that defendants are in contempt of court. As a sanction, the Court directs the Clerk to enter judgment in the amount of $37,500 plus attorneys fees in the amount of $500.

**IT IS THEREFORE ORDERED** that defendants are in contempt of court for their failure to

comply with the Court's Order (Doc. #68) filed October 20, 2006.  The Clerk is directed to enter judgment in favor of plaintiff in the amount of $37,500 plus attorneys fees in the amount of $500.

Dated this 9th day of January, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

3